JONATHAN PIERCE, Appellant,

*against*

JOSEPH HINDSDALL, Junior, Appellee.

THIS was an action of trover and conversion, in which the plaintiff declared, that the defendant had converted to his own use a certain bay mare, the property of the plaintiff.

General issue joined, and put to the Jury.

In trover for a chattel loaned by the plaintiff to his son, and eloigned from the youth by a swindling contract, the son is inadmissible as a witness on the part of the plaintiff.

*Jonathan Robinson*, for the plaintiff, stated, that *Pierce* loaned the mare to his son *Howard Pierce*, to ride to the western part of the State of *New-York*, who on his journey, without the knowledge or consent of his father, sold her in a swindling bargain to one *Cheney*, of *Bennington*, who for a valuable consideration sold the mare to the defendant.

Mr. *Robinson* now offered *Howard Pierce* as a witness to prove this statement.

*Israel Smith* and —— ——, objected. They contended, that, from the statement of the plaintiff's counsel, *Howard Pierce* is interested in the event of the suit ; and although his interest may not be direct it is consequential, and ought to exclude him from testifying. The same principle will apply in the conveyance of *personal* as real *property*. In the conveyance of real property, no one in the line of ancestry can be admitted to vitiate or strengthen his title, but is estopped to say that he has conveyed an estate in which he has no property. In case plaintiff recovers

Pierce
v.
Hindsdall.

here, the record may be given in evidence in a future action brought by him against this witness. They further observed, that it had been determined by Lord *Mansfield*, that the drawer of a bill of exchange cannot be admitted as a witness to prove the acceptance, and thereby strengthen the security given by him to the payee; and that this case comes within the same principle.

*Robinson* replied, that the principles which govern the conveyance of *real property* will not apply to the transfer of *personal*. That the rules which control evidence in case of bills of exchange, are aside from those which regulate the transfer of property. The indorsement of a bill of exchange or promissory note is but the transfer of a chose in action. The sale of a chattel is always accompanied with possession and delivery.

Bills of exchange are creatures of the law merchant, and the whole operation of them, as regulated by *British* statutes and decisions, is for the facilitating commerce, and aside of the common law.

That the point in contest had been decided in the case of ———— ads. *Billings*, where the witness was admitted to testify. Here if there is any interest in the witness it is against himself; and where the interest is against the witness, he is willing to testify, and the party producing him will risk his testimony, the witness is admissible.

*Per Curiam.* The witness is inadmissible. He shall not be permitted to testify that he had no property in the chattel vended by him as his property.

He is consequently interested in the event of this suit. Plaintiff had his remedy against the witness or the defendant at his election. A judgment in favour of the plaintiff in the present action might, by the witness, *Howard Pierce*, be pleaded in bar to a future action, which the present plaintiff might hereafter institute against him.

Pierce
v.
Hindsdall.

Witness incompetent.

*Jonathan Robinson*, for plaintiff.
*Israel Smith* and —— ——, for defendant.